UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------x
A. C., and H. C., by their Next Friend BARBARA WEINER,    :
individually and on behalf of all others similarly situated,    :
                                                                                                    :
                                         Plaintiffs,                          :    05 Civ. 2986 ( TPG)
                                                                                                    :
           - against -                                                                  :
                                                                                                    :
JOHN MATTINGLY, in his official capacity as Commissioner    :
of the New York City Administration for Children's Services,    :
and JOHN JOHNSON, in his official capacity as Commissioner    :
of the New York State Office of Children and Family Services,    :
                                                                                                    :
                                         Defendants.                       :
                                                                                                    :
--------------------------------------------------------------------------------x

**DECLARATION IN SUPPORT OF
MOTION OF PLAINTIFFS A.C. AND H.C.
FOR CLASS CERTIFICATION**

      JENNIFER BAUM declares as true under penalty of perjury, pursuant to 28 U.S.C. § 1746, that:

      1.      I am a staff attorney at the Legal Aid Society, Civil Division, attorneys of record for the plaintiff children in this action.

      2.      I make this declaration in support of the children's motion to certify a subclass of children defined as "all children in New York City who are now, were on or after July 1, 2004, or will in the future be, residing in foster care with relatives who are within the second or third degree of consanguinity of their parents or stepparents."

      3.      For the Court's convenience, a consanguinity chart appears below.



4.      Since the class definition refers to degrees of consanguinity from the parents or stepparents, the box labeled "Self" refers to the parent(s) or stepparent(s) of the child. Relatives within the second degree of consanguinity of the parents include the grandparents, brothers and sisters, and grandchildren of the parents. These are the great grand parents, uncles and aunts, and children of the child.

5.      Relatives within the third degree of consanguinity to the parents include the great grandparents, uncles and aunts, nephews and nieces, and great grandchildren of the parents. These are the great great grandparents, grand uncles and aunts, first cousins, and grandchildren of the child.

6.      The class as defined above is so numerous that joinder of all members would be impractical. The preliminary City of New York Mayor's Management Report for Fiscal 2005

("Preliminary 2005 MMR") reports that there were just over 20,000 children in foster care in New York City this past year. Twenty-two percent of them, or approximately 4,400 foster children, were placed with relatives. An excerpt from the Preliminary 2005 MMR is attached hereto as Exhibit 1. While the MMR does not break down foster care placements by degrees of consanguinity, upon information and belief, the vast majority of foster care placements with relatives are made with class members as defined above.

7. The Mayor's Management Report for Fiscal 2004 (2004 MMR), reports that there were 22,000 children in foster care last year, almost 20% of them placed with relatives. In addition to reporting last year's foster care figures, the 2004 MMR tracks foster care populations going back to Fiscal Year 2000. In 2000, there were over 34,000 children in foster care, and only 16% of them were placed with relatives. While the foster care population has declined every year since 2000, the percentage of children in foster care placed with relatives has generally climbed. An excerpt from the 2004 MMR is attached hereto as Exhibit 2.

8. The class should extend retroactively to July 1, 2004, in order to encompass children who were removed from their kinship foster parents without adequate notice or the right to a constitutionally adequate hearing within the last year. The Law Guardians of those children should receive notice of an opportunity to request a constitutionally adequate hearing.

WHEREFORE, it is respectfully requested that this Court grant plaintiff children's motion for class certification.

I hereby declare that the foregoing is true and correct. Executed on June 17, 2005.

_____
JENNIFER BAUM (JB4030)

3