UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------x
A. C., and H. C., by their Next Friend BARBARA WEINER,  :
individually and on behalf of all others similarly situated,  :
                                                             :
          Plaintiffs,                                        :   05 Civ. 2986 ( TPG)
                                                             :
                                                             :
    - against -                                              :
                                                             :
                                                             :
JOHN MATTINGLY, in his official capacity as Commissioner     :
of the New York City Administration for Children's Services, :
and JOHN JOHNSON, in his official                            :   PLAINTIFF CHILDREN'S
capacity as Commissioner of the New York State               :   MEMORANDUM OF
Office of Children and Family Services,                      :   LAW IN SUPPORT OF
                                                             :   THEIR MOTION
          Defendants.                                        :   FOR LEAVE TO FILE
                                                             :   SECOND AMENDED
                                                             :   COMPLAINT
                                                             :
--------------------------------------------------------------------------------x

## PRELIMINARY STATEMENT

Plaintiffs A.C. and H.C. submit this memorandum of law in support of their motion for permission to file a Second Amended Complaint. Plaintiffs satisfy the requirements for seeking leave to file a Second Amended Complaint; accordingly, leave should be granted.

## BACKGROUND

This case concerns policies and procedures of the New York City Administration for Children's Services (ACS) with regard to the removal of children in the care of kinship foster parents. The action was originally commenced by Norma Balbuena on her own behalf and on behalf of A.C. and H.C. On consent of the parties, The Legal Aid Society was later substituted as counsel for the minor children A.C. and H.C. Thereafter, on June 17, 2005, A.C. and H.C.,

1

by their next friend Barbara Weiner, filed an amended complaint (the "First Amended A.C. Complaint") on behalf of themselves and all similarly situated children against ACS and OCFS. For technical reasons, the First Amended Complaint was not deemed filed until June 20, 2005.

Like the Balbuena complaint, the First Amended A.C. Complaint challenges the constitutionality of ACS's so-called Independent Review Procedures. By the present motion, the proposed class of children seeks to amend the First Amended A.C. complaint to correct the following oversights:

- The caption is changed to reflect that defendant Mattingly is the Commissioner of the New York City Administration for Children's Services;

- In the first sentence of ¶2, the title of the agency is corrected to read "The New York City Administration for Children's Services ("ACS")";

- ¶54 is changed to update the number of days the children have been removed from their original placement with Ms. Balbuena from 167 to 194;

- The regulatory cites in ¶67 are corrected to read " 18 N.Y.C.R.R. §§ 443.5(b) and (c)";

- Paragraph numbering and lettering beginning on page 19 is adjusted to eliminate confusion; and

- The following language is added to newly renumbered ¶(3)(A) in the Request for Relief on page 19, so that the paragraph now reads as follows (new language underlined):

"(3) Issue preliminary and permanent injunctions against defendants MATTINGLY and JOHNSON:

(A) directing that class members who remain in foster care shall be removed from their kinship foster home on an emergency basis only when there is imminent risk to the child's health or safety and with constitutionally adequate notice at the time of the removal, and thereafter be provided with a constitutionally adequate and meaningful opportunity to be heard on the removal

2

on an expedited basis".

**ARGUMENT**

**THE COURT SHOULD GRANT LEAVE FOR THE
PLAINTIFF FOSTER CHILDREN TO FILE A SECOND
AMENDED COMPLAINT.**

After an initial amendment of a pleading as of right, a party may amend a pleading "only by leave of court or by written consent of the adverse party." Fed. R. Civ. P. 15(a). Leave "shall be freely given when justice so requires." Id.

In determining whether to grant leave to amend, courts will consider whether there is "an 'apparent or declared reason--such as undue delay, bad faith or dilatory motive ..., repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of an amendment, [or] futility of amendment.'" Dluhos v. Floating and Abandoned Vessel Known as "New York," 162 F.3d 63, 69 (2d Cir.1998) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)). None of those impermissible factors is present here.

The plaintiff foster children seek to amend the A.C. Complaint less than a month after it was filed by the Legal Aid Society, less than four months since the commencement of the action by prior counsel, and before either defendant has either Answered or moved to dismiss. Plaintiffs wish to amend the Complaint a second time to redress typographical errors and, in one instance, to correct omissions from the request for relief which inadvertently confused the nature of the relief sought and against whom it was specifically sought. See, Baum Decl. Dated July 13, 2005. Plaintiffs have plead legally cognizable claims (see, Ricciuti v. NYC Transit Authority, 941 F.2d 119 , 123 (2d Cir. 1991); Dougherty v. Town of North Hempstead Board of Zoning

Appeals, 282 F.3d 83 (2d Cir. 2002) (reversing denial of leave to amend because plaintiff stated a legally cognizable claim). Defendant Mattingly has consented in writing to the filing of a Second Amended Complaint (see Exhibit B to the Baum Decl. Dated July 14, 2005). Plaintiff Norma Balbuena's consent is not required; nonetheless ------------ . Accordingly, there is no prejudice to defendants, nor is there bad faith on the part of the plaintiffs, in seeking leave to file a Second Amended Complaint. Leave should therefore be granted.

## CONCLUSION

For all of the forgoing reasons, plaintiffs request that this Court grant plaintiffs' motion for leave to file a Second Amended Complaint.

Dated: New York, New York
       July 14, 2005

                    Respectfully submitted,

                    THE LEGAL AID SOCIETY
                    STEVEN BANKS, Esq., Attorney-in-Chief
                    TAMARA STECKLER, Esq., Attorney-in-Charge, Juvenile
                        Rights Division
                    NANCY ROSENBLOOM, Esq., (NR1275), Interim Director,
                        Special Litigation and Law Reform Unit
                    LOUIS SARTORI, Esq. (LSS0011), of Counsel

                    ADRIENE HOLDER, Esq., Attorney in Charge, Civil Division
                    SCOTT ROSENBERG, Esq., (SAR5579), Director of Litigation,
                        Civil Division
                    JENNIFER BAUM, Esq. (JB4030), of Counsel
                    199 Water Street, 3d Floor
                    New York, New York 10038
                    212-577-3300