UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

A.C. and H.C., etc., et al,

                               Plaintiffs,                           **05 Civ. 2986 (TPG)**

                               -against-

JOHN MATTINGLY, etc.,  et al,

                               Defendants.

------------------------------------------------------------------------X


**STATE DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION
TO MOTION TO AMEND A.C. AND H.C. COMPLAINT**


                                            ELIOT SPITZER
                                            Attorney General of the State of New York
                                            <u>Attorney for State defendant</u>
                                            120 Broadway,  24th Floor
                                            New York, New York 10271
                                            (212) 416-8632


ROBERT L. KRAFT
Assistant Attorney General
<u>of</u> <u>Counsel</u>

**Table of Contents**

**Page**

PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

      A.     PROCEDURAL POSTURE OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

      B.     ALLEGATIONS IN THE PROPOSED SECOND AMENDED COMPLAINT . 3

ARGUMENT THE MOTION FOR LEAVE TO FILE A "SECOND AMENDED
               COMPLAINT" SHOULD BE DENIED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X

A.C. and H.C., by their next friend Barbara Weiner,
individually and on behalf of all others similarly situated,

      Plaintiffs,        **05 Civ. 2986 (TPG)**

      -against-

JOHN MATTINGLY, in his official capacity as
Commissioner of the New York City Administration
for Children's Services, and JOHN JOHNSON, in his
official capacity as Commissioner of the New York
State Office of Children and Family Services,

      Defendants.

-----------------------------------------------------------------------X


## STATE DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION
## TO MOTION TO AMEND A.C. AND H.C. COMPLAINT


### PRELIMINARY STATEMENT

   This memorandum of law is respectfully submitted on behalf of defendant JOHN

JOHNSON, as Commissioner of the New York State Office of Children and Family Services

("State defendant") in opposition to the motion made on behalf of A.C. and H.C.[1] for leave to

amend a document denominated "Amended Class Action Complaint" dated June 17, 2005,

("A.C. and H.C. Complaint").  State defendant opposes amendment of the A.C. and H.C.

Complaint because: (1) A.c. and H.C. did not have standing to file the A.C. and H.C. Complaint,

---

 Initials are used to ensure the anonymity of the infant plaintiffs.

and, therefore, cannot amend it, and (2) it would be futile to amend the A.C. and H.C. Complaint since the proposed "Second Amended Complaint" cannot withstand a motion to dismiss pursuant to Federal Rule of Civil Procedure ("F. R. Civ. P.") Rule 12(b)(6).

## STATEMENT OF THE CASE

### A.     PROCEDURAL POSTURE OF THE CASE

Plaintiff NORMA BALBUENA ("Balbuena"), individually and purportedly on behalf of A.C. and H.C. and of all similarly situated foster parents and foster children, filed a Complaint dated March 18, 2005 ("Complaint"). State defendant has filed a motion, which is sub judice, to dismiss all claims against the State defendant made by Balbuena in the Complaint (Docket Sheet #22) and has filed a document dated June 13, 2005, entitled State Defendant's Memorandum of Law in Support Of His Motion to Dismiss the Complaint Against Him ("State defendant's June 13 Mem. of Law" Docket Sheet #25).

Because of potential for conflicting interests between Balbuena and A.C. and H.C., The Legal Aid Society was substituted as counsel for A.C. and H.C. and Barbara Weiner was named their "next friend." See Stipulation So Ordered April 7, 2005. Counsel for A.C. and H.C. have filed a document denominated "Amended Class Action Complaint," dated June 17, 2005 ("A.C. and H.C. Complaint" Docket Sheet #33). The State defendant has filed a motion to dismiss the A.C. and H.C. Complaint (Docket Sheet #37) accompanied by a document entitled State Defendant's Memorandum of Law in Support of His Motion to Dismiss the A.C. and H.C. Complaint Against Him, dated July 18, 2005 ("State defendant's July 18 Mem. of Law" Docket Sheet #38).

2

**B.      ALLEGATIONS IN THE PROPOSED SECOND AMENDED COMPLAINT**

The proposed Second Amended Complaint corrects an error in the title of defendant John Mattingly in the caption, corrects the name of a defendant in paragraph 2, and updates the number of days A.C. and H.C. have been separated from Balbuena in paragraph 54.  The proposed Second Amended Complaint adds no new parties and no new causes of action.

The heart of the proposed amendment is a rephrasing of the relief demanded in the WHEREFORE clause.

**ARGUMENT**

**THE MOTION FOR LEAVE TO FILE A "SECOND AMENDED COMPLAINT" SHOULD BE DENIED**

The Second Circuit has given the following guidance on the subject presented by the instant motion:

> Rule 15(a) of the Federal Rules of  Civil Procedure provides that leave to amend a pleading "shall be freely given  when justice so requires."  "Where it appears that granting  leave to amend is unlikely to be productive, however, it is not an abuse of  discretion to deny leave to amend."  One appropriate basis for denying leave to amend  is that the proposed amendment is futile.  An amendment to a pleading is futile if the  proposed claim could not withstand a motion to dismiss pursuant to Fed.R.Civ.P.  12(b)(6).

Lucente v. International Business Machines Corp., 310 F.3d 243, 258 (2d Cir. 2002) (citations omitted).

State defendant contends that the infants A.C. and H.C. do not have standing to take the position they took in the A.C. and H.C. Complaint, and would continue to take in the proposed Second Amended Complaint.  See State defendant's July 18 Mem.  of Law Point I.  Similarly, State defendant contends that the A.C. and H.C. Complaint must be dismissed as provided in

3

Rule 12(b)(6), and , to the extent it seeks damages against the State defendant, must be dismissed as required by the Eleventh Amendment to the Constitution of the United States and Rule 12(b)(1) for lack of subject matter jurisdiction.  See State defendant's July 18 Mem of Law Points II and III.  The proposed Second Amended Complaint is no more likely than the A.C. and H.C. Complaint to withstand a motion to dismiss pursuant to F. R. Civ. P. Rule 12(b)(6) since the proposed Second Amended Complaint contains the same factual allegations that A.C. and H.C. contend establish the State defendant's liability and adds no additional causes of action. Where a due process claim and a claim for damages against the State were dismissed, The District Court's refusal to permit amendment of a complaint was affirmed because the "proposed amended  complaint would be subject to immediate dismissal ... the proposed  amendment was futile." Jones v. New York State Division of Military and Naval Affairs, 166 F.3d 45, 55 (2d Cir.  1999). Compare, Foman v. Davis, 371 U.S. 178 (1962) (District Court abused discretion by denying motion to amend complaint where plaintiff sought to assert an alternate ground for recovery);  Dougherty v. Town of North Hempstead Bd. of Zoning Appeals, 282 F.3d 83 (2d Cir. 2002) (District Court's denial of motion to amend complaint reversed because the proposed amended complaint contained a cause of action not pleaded in the complaint).

For the foregoing reasons, the Court should deny the motion by A.C. and H.C. to interpose the Second Amended Complaint.

**CONCLUSION**

For the foregoing reasons, the State defendant respectfully requests that the Court deny

the motion made by A.C. and H.C. for leave to interpose the Second Amended Complaint.

Dated: New York, New York
      July 22, 2005

                               Respectfully submitted,

                               ELIOT SPITZER
                               Attorney General of the State of New York
                               <u>Attorney for State defendant</u>

                               By:_____S/_____
                               ROBERT L. KRAFT (RK5418)
                               Assistant Attorney General
                               120 Broadway,  24th Floor
                               New York, New York 10271
                               (212) 416-8632