UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

A.C., AND H.C., by their next friend, BARBARA
WEINER, individually and on behalf of all others similarly
situated,

                                        Plaintiffs,

                    -against-                                05 Civ. 2986 (TPG)

JOHN MATTINGLY, in his official capacity as              **DEFENDANT
Commissioner of the New York City Administration for    MATTINGLY'S ANSWER
Children's Services and JOHN JOHNSON, in his official    TO SECOND CHILDREN'S
capacity as Commissioner of the New York State Office of CLASS ACTION
Children and Family Services.                            COMPLAINT**

                                        Defendants.

------------------------------------------------------------------------x


        Defendant JOHN MATTINGLY,  by his attorney, MICHAEL A. CARDOZO,

Corporation Counsel of the City of New York, answers the Second Children's Class Action

Complaint of A.C and H.C.  ("Children's Class Action Complaint") in the above captioned

action as follows:

        1.      Denies so much of the allegations of Paragraph "1" of the Children's Class Action

Complaint as implies wrongdoing or liability on the part of the City Defendants.

        2.      Denies the allegations of Paragraph ("2") of the Children's Class Action

Complaint

        3.      Denies the allegations of Paragraph "3" of the Children's Class Action Complaint.

        4.      Denies the allegations of Paragraph "4" of the Children's Class Action Complaint.

        5.      Admits the allegations of Paragraph "5" of the Children's Class Action

Complaint.

6.      Admits the allegations of Paragraph "6" of the Children's Class Action Complaint.

7.      Admits the allegations of Paragraph "7" of the Children's Class Action Complaint insofar as it identifies Defendant Mattingly and respectfully refers to the Court for its interpretation the appropriate statutes and regulations defining the powers and duties of the Commissioner and the Administration .

8.      Admits the allegations of Paragraph "8" of the Children's Class Action Complaint.

9.      Denies the allegations of Paragraph "9" of the Children's Class Action Complaint except admits that the action is purportedly brought pursuant to the statute cited and further denies that such statute confers federal question jurisdiction on this Court.

10.     Admits the allegations of Paragraph "10" of the Children's Class Action Complaint except denies that such statute confers federal question jurisdiction on this Court.

11.     Admits the allegations of Paragraph "11" of the Children's Class Action Complaint.

12.     Admits the allegations of Paragraph "12" of the Children's Class Action Complaint to the extent that plaintiffs purport to be class representatives.

13.     Denies the allegations of Paragraph "13" of the Children's Class Action Complaint to the extent that it alleges that a legally cognizable class exists as defined.

14.     Denies the allegations of Paragraph "14" of the Children's Class Action Complaint.

15.     Denies the allegations of Paragraph "15" of the Children's Class Action Complaint.

16.     Denies the allegations of Paragraph "16" of the Children's Class Action Complaint.

17.     Denies the allegations of Paragraph "17" of the Children's Class Action Complaint.

18.     Denies the allegations of Paragraph "18" of the Children's Class Action Complaint.

19.     Denies the allegations of Paragraph "19" of the Children's Class Action Complaint.

20.     Denies the allegations of Paragraph "20" of the Children's Class Action Complaint.

21.     Denies the allegations of Paragraph "21" of the Children's Class Action Complaint except respectfully refers to the Court for interpretation the applicable statutes and regulations regarding protection of children in New York .

22.     Denies the allegations of Paragraph "22" of the Children's Class Action Complaint except respectfully refers to the Court for interpretation the applicable statutes and regulations regarding protection of children in New York.

23.     Admits the allegations of Paragraph "23" of the Children's Class Action Complaint.

24.     Admits the allegations of Paragraph "24" of the Children's Class Action Complaint and refers to the Court for interpretation the applicable statutes and rules regarding protection of children in New York.

25.     Denies the allegations of Paragraph "25" of the Children's Class Action Complaint except respectfully refers to the Court for interpretation the applicable statutes and regulations regarding protection of children in New York.

26.     Denies the allegations of Paragraph "26" of the Children's Class Action Complaint except respectfully refers to the Court for interpretation the applicable statutes and regulations  regarding protection of children in New York.

27.     Denies the allegations of Paragraph "27" of the Children's Class Action Complaint.

28.     Denies the allegations of Paragraph "28" of the Children's Class Action Complaint except respectfully refers to the Court for interpretation the applicable statutes and regulations.

29.     Denies the allegations of Paragraph "29" of the Children's Class Action Complaint, except respectfully refers to the Court for interpretation the applicable statutes and regulations.

30.     Denies the allegations of Paragraph "30" of the Children's Class Action Complaint, except respectfully refers to the Court for interpretation the applicable statutes and regulations.

31.     Denies the allegations of Paragraph "31" of the Children's Class Action Complaint except respectfully refers to the Court for interpretation the applicable statutes and regulations..

32.     Admits the allegation of Paragraph "32" of the Children's Class Action Complaint to the extent that an Independent Protocol was published  and respectfully refers to

the Court for interpretation the applicable statutes and regulations governing the actions taken pursuant to the protocol.

33.    Denies the allegations of Paragraph "33" of the Children's Class Action Complaint.

34.    Admits the allegations of Paragraph "34" of the Children's Class Action Complaint.

35.    Admits the allegations of Paragraph "35" of the Children's Class Action Complaint.

36.    Admit the allegations of Paragraph "36" of the Children's Class Action Complaint.

37.    Denies the allegations of Paragraph "37" of the Children's Class Action Complaint.

38.    Admits the allegations of Paragraph "38" of the Children's Class Action Complaint.

39.    Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph "39" of the Children's Class Action Complaint.

40.    Admits the allegations of Paragraph "40" of the Children's Class Action Complaint.

41.    Admits the allegations of Paragraph "41" of the Children's Class Action Complaint.

42.    Admits the allegations of Paragraph "42" of the Children's Class Action Complaint.

43.     Admits the allegations of Paragraph "43" of the Children's Class Action Complaint.

44.     Admits the allegations of Paragraph "44" of the Children's Class Action Complaint.

45.     Admits the allegations of Paragraph "45" of the Children's Class Action Complaint.

46.     Admits the  allegations of Paragraph "46" of the Children's Class Action Complaint.

47.     Admits the allegations of Paragraph "47" of the Children's Class Action Complaint.

48.     Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph "48" of the Children's Class Action Complaint.

49.     Denies the allegation of Paragraph "49" of the Children's Class Action Complaint.

50 .     Admits the allegations of Paragraph "50" of the Children's Class Action Complaint.

51.     Denies the allegations of Paragraph "51" of the Children's Class Action Complaint insofar as it implies unlawful behavior on the part of the Defendant Mattingly.

52.     Admits the allegations of Paragraph "52" of the Children's Class Action Complaint.

53.     Deny knowledge or information sufficient to form a belief as to the allegations of Paragraph "53" of the Children's Class Action Complaint except as appears in the case file and other official records regarding the foster care placement at issue in this action.

54.     Admits the allegations of Paragraph "54" of the Children's Class Action Complaint.

55.     Denies the allegations of Paragraph "55" of the Children's Class Action Complaint.

56.     Denies the allegations of Paragraph "56" of the Children's Class Action Complaint.

57.     Denies the allegations of Paragraph "57" of the Children's Class Action Complaint.

58.     Denies the allegations of Paragraph "58" of the Children's Class Action Complaint.

59.     Denies the allegations of Paragraph "59" of the Children's Class Action Complaint.

60.     Denies the allegations of Paragraph "60" of the Children's Class Action Complaint.

61.     Denies the allegations of Paragraph "61" of the Children's Class Action Complaint.

62.     Denies the allegation of Paragraph "62" of the Children's Class Action Complaint.

63.     Denies the allegations of Paragraph "63" of the Children's Class Action Complaint.

64.     Denies the allegations of Paragraph "64" of the Children's Class Action Complaint.

65.     Denies the allegations of the Children's Class Action Complaint.

66.     Denies the allegations of Paragraph "66" of the Children's Class Action Complaint.

67.     Denies the allegations of Paragraph "67" of the Children's Class Action Complaint.

68.     Denies the allegations of Paragraph "68" of the Children's Class Action Complaint.

69.     Denies the allegations of Paragraph "69" of the Children's Class Action Complaint.

## AS AND FOR A FIRST DEFENSE:

70.     By virtue of the domestic relations exception to federal jurisdiction, the Court lacks subject matter jurisdiction over any claim directing or challenging the custody, placement or domicile of children in foster care and lacks jurisdiction to enter injunctive relief with respect to such claims.

## AS AND FOR A SECOND DEFENSE:

71.      Barbara Weiner, as alleged next friend of the infant plaintiffs, lacks standing to assert any claims on behalf of the infant plaintiffs.

## AS AND FOR A THIRD DEFENSE:

72.     The Children's Class Action Complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A FOURTH  DEFENSE:

73.     Defendant Mattingly has not violated any rights, privileges or immunities under The Constitution or laws of the United States or the State of New York.

**AS AND FOR A FIFTH  DEFENSE:**

74.     At all times relevant to the acts alleged in the Children's Class Action Complaint,

Defendant Mattingly  acted reasonably, properly, lawfully and in good faith.

**AS AND FOR A SIXTH  DEFENSE:**

75.     Plaintiffs' claims are barred in whole or in part by the applicable provisions set

forth within New York General Municipal Law § 50-e.

**AS AND FOR A SEVENTH DEFENSE:**

76.     The New York State Court of Appeals has held that the procedures attacked by

the plaintiffs herein are constitutional. Such holding may not be collaterally attacked in this

action under the Rooker-Feldman doctrine.

        **WHEREFORE,** Defendant Mattingly requests judgment dismissing the

Children's Class Action Complaint and denying all relief requested therein, together with such

other and further relief as the Court deems just and proper, together with costs, fees,

disbursements, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
        February 27, 2007

MICHAEL A. CARDOZO
Corporation Counsel of the
  City of New York
Attorney for Defendants
100 Church Street, Room 2-106
New York, New York 10007
(212) 442-3329


By:                 /s/
          JESSE I. LEVINE (JL8829)
          Assistant Corporation Counsel