

**STATE OF NEW YORK**
**OFFICE OF THE ATTORNEY GENERAL**

ANDREW M. CUOMO
Attorney General

LESLIE G. LEACH
Deputy Attorney General
**Division of State Counsel**

Writer's Direct Dial
(212) 416-8632

New York City
Litigation Bureau

March 19, 2007

**BY ECF**
Honorable Thomas P. Griesa
United States District Judge
United States Courthouse
500 Pearl Street
New York, New York 10007

Re: <u>Balbuena, etc., et al v. Mattingly, etc., et al</u>    05 CV 2986 (TPG)

Dear Judge Griesa:

    I write on behalf of defendant John Johnson ("State defendant") to answer the question put to him in the Court's memorandum dated march 15, 2007. A copy of the Court's Memorandum is attached as Exhibit A. The short answer to the question put by the Court is, if the two complaints in this action[1] are severed, State defendant's standing argument against the A.C. and H.C. claims becomes more compelling since A.C. and H.C. have not demonstrated that they were harmed by State defendant's conduct. Without a showing of harm, there is simply no standing to bring an action, and the A.C. and H.C. Complaint should be dismissed against State defendant.

    In Point I of State defendant's memorandum of Law in support of his motion to dismiss the A.C. and H.C. Complaint (Docket #38, State defendant asserted that A.C. and H.C. do not have standing to make claims that are truly Balbuena's claims to make. Reference is made to footnote 44 of <u>Smith v. Organization of Foster Families For Equality and Reform</u>, 431 U.S. 816 (1977) where the Supreme Court addressed this issue in pertinent part as follows:

---

[1] A.C. and H.C. filed their original complaint (Docket #33) and State defendant moved to dismiss that complaint (Docket #37). A.C. and H.C. moved to amend their complaint (Docket #34). By Order dated March 17, 2006 (Docket #60), this Court granted the motion by A.C. and H.C. to amend their complaint and ordered that "Johnson's motion to dismiss will be treated as a motion to dismiss the amended A.C. and H.C. complaint." State defendant's references herein to the "A.C. and H.C. Complaint" are to the document captioned Second Amended Class Action Complaint (Docket #80).

| | | |
|---|---|---|
| Hon. Thomas P. Griesa | March 19, 2007 | PAGE 2 |
| Re: <u>Balbuena, etc., et al v. Mattingly, etc., et al</u> | 05 CV 2986 (TPG) | |

> We believe it would be most imprudent to leave entirely to court-appointed counsel the choices that neither the named foster children nor the class they represent are capable of making for themselves, especially in litigation in which all parties have sufficient attributes of guardianship that their views on the rights of the children should at least be heard.

431 U.S. 841 (citation omitted). Applying the above-quoted passage to the case at bar, the Court may appropriately find that A.C. and H.C. do not have standing to bring the claims they make in the A.C. and H.C. Complaint.

 Plaintiff Balbuena's complaint alleges that the children were removed using emergency procedures when there was no emergency need to do so. As an adult who was living in the foster home at the time of the removal, Balbuena has knowledge about what things were like in the foster home at the time, and the capacity to make those statements. As part of her relief, Balbuena seeks return of the children to her foster care.

 A.C. and H.C. were under two years of age when they were removed from the Balbuena foster home and could not tell their law guardian or next friend whether there was an emergency situation in the Balbuena foster home. Therefore, where the A.C. and H.C. complaint states that there was no emergency requiring the removal of the children without notice (¶¶ 49, 55), that statement is unsupported. The law guardian does not submit evidence of independent inspections of the Balbuena foster home made by him or by persons working on his behalf. Decisions of two separate fact finders, the City Decision After Independent Review and the State Decision After Hearing, found that the emergency removal was justified.

 Perhaps more important when considering their standing to make their claims, A.C. and H.C. do not demand as relief that they be returned to Balbuena's foster home. Although the law guardian was not provided notice of the removal before it occurred, when he got notice of it, The law guardian opposed return of the children to Balbuena's foster care both in Family Court and at a preliminary hearing in this Court, and went into Family Court to limit Balbuena's visitation with the children after they were removed from her foster care. Declaration of Madonna M. Kasbohm in Support of City Defendants' Order to Show Cause and Temporary Restraining Order dated March 30, 2005 ¶¶ 16-18. The law guardian acted on behalf of the children in Family Court as provided by State law. His being able to do so provided due process to A.C. and H.C.

| | | |
|---|---|---|
| Hon. Thomas P. Griesa | March 19, 2007 | PAGE 3 |
| Re: <u>Balbuena, etc., et al v. Mattingly, etc., et al</u> | 05 CV 2986 (TPG) | |

      Consideration of references in the A.C. and H.C. complaint to a class is premature since no class has been certified. If this complaint is not dismissed and A.C. and H.C.'s counsel seek to certify a class, they will confront the same issue addressed here, that the two named class members have not demonstrated that their absence from the administrative hearing set up to protect plaintiff Balbuena's rights hurt them in any way and they cannot make that claim on behalf of others who might be hurt by their absence from other hearings since they are not similarly situated.

      Respectfully submitted,

          S/
      Robert L. Kraft (RK-5418)
      Assistant Attorney General

cc     By ECF
       Carolyn A. Kubitschek, Esq.  for Norma Balbuena
       Theresa B. Moser, Esq.       for A.C. and H.C.
       Jesse I. Levine, Esq.         for City defendants
       Dirk C. Haarhoff, Esq.       for Episcopal Social Services