```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
A. C., and H. C., by their Next Friend
BARBARA WEINER, individually and on behalf of
all others similarly situated,

                        Plaintiffs,                    05 Civ. 2986 (TPG)

        -against-

JOHN MATTINGLY, in his official capacity as
Commissioner of the New York City Administration       STATE DEFENDANT'S
for Children's Services, and JOHN JOHNSON, in his      ANSWER TO
official capacity as Commissioner of the New York      SECOND AMENDED
State Office of Children and Family Services,          COMPLAINT

                        Defendants.
------------------------------------------------------------------------X
```

Defendant JOHN JOHNSON, as Commissioner of the New York State Office of Children and Family Services[1] ("State defendant"), by his attorney, ANDREW M. CUOMO, Attorney General of the State of New York, answers the "Second Amended Class Action Complaint" (Docket #80) in the above-captioned action, dated July 14, 2005 ("Complaint"), as follows:

1. No response to paragraph 1 of the Complaint is necessary as it sets forth the putative nature of this proceeding, but to the extent the paragraph alleges wrongdoing by State defendant and a response is deemed required, State defendant denies the allegations made therein.

2. Denies the allegations made in paragraph 2 of the Complaint.

3. To the extent either paragraph alleges wrongdoing by State defendant and a response is deemed required, State defendant denies the allegations made in paragraphs 3 and 4 of the Complaint.

4. With respect to paragraphs 5 and 6 of the Complaint, denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations, except insofar

---

[1] John Johnson's term in office as Commissioner of the New York State office of Children and Family Services ended on December 31, 2006. Gladys CarriÁn, Esq., is now Commissioner of the New York State Office of Children and Family Services.

as the substance of those allegations may have been incorporated into Decision After Hearing FH #4295304J (Docket #48).

5. Admits the allegation made in the first sentence of paragraph 7 of the Complaint, denies the allegations made in the remainder of paragraph 7 concerning the duties and operation of ACS, and respectfully refers the Court to applicable provisions of the New York City Charter and Administrative Code, the New York Social Services Law and New York Family Court Act for a complete statement of the ACS's responsibilities.

6. Denies the allegation made in the first sentence of paragraph 8 of the Complaint, denies the allegations made in the remainder of paragraph 8 concerning the duties and operation of the OCFS, and respectfully refers the Court to applicable provisions of the New York Social Services Law and New York Executive Law for a complete statement of the OCFS's responsibilities.

7. With respect to paragraphs 9 and 10 of the Complaint, no response is necessary as they set forth plaintiffs' jurisdiction allegations, but to the extent a response is deemed required, State defendant asserts that this action is not authorized by 42 U.S.C. § 1983, and is further limited by the Eleventh Amendment to the Constitution of the United States.

8. With respect to paragraph 11 of the Complaint, no response is necessary as it sets forth plaintiffs' venue allegations, but to the extent a response is deemed required, State defendant admits the allegations made therein.

9. With respect to paragraphs 12 through 20, inclusive, of the Complaint, no response is necessary as they set forth plaintiffs' definition of the class they purport to represent and their legal arguments concerning the appropriateness of class certification, but to the extent a response is deemed required, State defendant denies the allegations made therein.

10. With respect to paragraphs 21 through 26, inclusive, of the Complaint, which refer to statutes, State defendant denies the allegations made therein and respectfully refers the Court to the text of those statutes for their full content, meaning and effect.

11.     Denies the unsupported allegation made in paragraph 27 of the Complaint.

12.     Admits the allegations made in paragraphs 28, 29 and 30 of the Complaint, except denies that the New York State Department of Social Services continues to exist, having been renamed the Department of Family Assistance and divided into two separate offices, including the Office For Children and Family Services, in 1997. See, L. 1997 C. 436 § 122.

13.     Denies the allegation made in paragraph 31 of the Complaint and respectfully refers the Court to the text of the cited regulation for its content, meaning and effect.

14.     Denies the allegations made in paragraphs 32 through 45, inclusive, of the Complaint and respectfully refers the Court to the text of the cited document for its content, meaning and effect.

15.     Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations made in paragraphs 46 through 52, inclusive, of the Complaint except insofar as those allegations may have been incorporated into Decision After Hearing FH #4295304J (Docket #48).

16.     With respect to paragraph 53 of the Complaint, State defendant admits the allegations made in the first two sentences thereof, denies the allegations made in the third sentence thereof, and affirmatively asserts that Decision After Hearing FH #4295304J dated August 9, 2005 (Docket #48), was rendered by State defendant's designee.

17.     Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations made in paragraph 54 of the Complaint.

18.     Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations made in the first sentence of paragraph 55 of the Complaint and denies the allegations made in the second sentence of paragraph 55 of the Complaint .

19.     Denies the allegations made in paragraphs 56 and 57 of the Complaint.

20.     Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations made in paragraphs 58, 59, 60 and 61 of the Complaint.

21. Denies the allegations made in paragraphs 62, 63, 64, 65 and 66 of the Complaint to the extent they claim wrongdoing by State defendant.

22. No response is required to paragraph 67 of the Complaint, as it specifically states that it is directed solely at City defendant.

23. Denies the allegations made in paragraph 68 of the Complaint to the extent they allege wrongdoing by State defendant.

24. Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations made in paragraph 69 of the Complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

25. This Court is barred by the Eleventh Amendment to the United States Constitution from making a declaration regarding past conduct of State defendant, from rendering a judgment against State defendant regarding enforcement of State law, and from rendering a judgment for damages against State defendant.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

26. The Complaint fails to demonstrate that the procedures used at fair hearings regarding the review of local agency determinations to remove foster children from the homes of foster parents violate the Constitution of the United States.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

27. The Complaint fails to state a claim upon which relief may be granted against State defendant.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

28. The Complaint fails to state the elements upon which a class may be certified pursuant to F. R. Civ. P. Rule 23.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

29. Plaintiffs do not have standing to bring the instant action.

WHEREFORE, State defendant respectfully requests that the Complaint be dismissed in its entirety, and that the Court award State defendant such further relief as the Court deems just and proper.

Dated: New York, New York
April 3, 2007

ANDREW M. CUOMO
Attorney General of the State of New York
<u>Attorney for State Defendant</u>

<u>         /s                    </u>
BY:  Robert L. Kraft (RK-5418)
Assistant Attorney General
120 Broadway, 24th Floor
New York, New York 10271
(212) 416-8632

TO:  Carolyn A. Kubitschek, Esq.
LANSNER & KUBITSCHEK
<u>Attorney for Norma Balbuena</u>
325 Broadway, Suite 201
New York, New York 10007

Theresa B. Moser, Esq.
The Legal Aid Society
<u>Attorney for A.C. and H.C.</u>
199 Water Street, 3rd Floor
New York, New York 10038

Jesse I. Levine, Esq.
Office of Corporation Counsel
<u>Attorney for City defendant</u>
100 Church Street, 2nd Floor
New York, New York 10007

Dirk C. Haarhoff, Esq.
Lewis, Brisbois, Bisgaard & Smith, LLP
<u>       Attorney for Episcopal defendants</u>
199 Water Street, 25th Floor
New York, New York 10038