

```
┌─────────────────────────────┐
│ USDC SDNY                   │
│ DOCUMENT                    │
│ ELECTRONICALLY FILED        │
│ DOC #: _____ │
│ DATE FILED: 6/27/05         │
└─────────────────────────────┘
```

THE CITY OF NEW YORK

**MICHAEL A. CARDOZO**
*Corporation Counsel*

**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**DONNA M. KASBOHM**
(212) 788-0957

**MEMO ENDORSED**

June 15, 2005



RECEIVED JUN 16 2005 CHAMBERS OF JUDGE GRIESA

*Via Messenger*
The Honorable Thomas P. Griesa
United States Courthouse
Southern District of New York
United States Courthouse
500 Pearl Street, Room 1630
New York, New York 10007-1581

    Re:  Balbuena v. Mattingly
           Case No. 05 Civ. 2986

Dear Judge Griesa:

       I am the Assistant Corporation Counsel assigned to represent the City Defendants in the above-entitled matter. I write on behalf of City Defendants and Defendant Episcopal Social Services ("Defendants") to request, for a number of reasons, an enlargement of Defendants' time to oppose plaintiff Norma Balbuena's Motion for Class Certification. First, Defendants join in the request made by Assistant Attorney General Robert Kraft in his letter of yesterday's date requesting that Your Honor hold the Motion for Class Certification in abeyance pending decision of the State's Motion to Dismiss. Alternatively, Defendants respectfully request that the Legal Aid Society, counsel for the infant plaintiffs A.C. and H.C. herein, be given a date certain within which to file the amended complaint and motion for class certification that they have previously indicated they intend to file; and that Defendants be given four weeks from that date to respond to such motion(s). Finally, if an enlargement is not granted on either of the above grounds, Defendants respectfully request a <u>four-week enlargement of time within which to file their opposition to the pending class certification motion.</u> Plaintiff Norma Balbuena's counsel, Lansner & Kubitschek, oppose this request.

*Granted. So ordered.*

*[signature] 6/17/05*
*(SDNY) Part I*

With respect to the second basis for our request, Defendants wish to remind the Court of the following facts. As Your Honor may recall, when this case was first commenced in April, 2005, City Defendants made a motion to disqualify the law firm of Lansner & Kubitschek from simultaneously representing the foster mother and the infant plaintiffs removed from her care. By Stipulation of all parties and Order dated April 7, 2005, the Legal Aid Society took over the representation of the infant plaintiffs. Also on that date, Legal Aid attorney Jennifer Baum made a representation in Court that her Office would be filing a pleading on behalf of the infant children. See Transcript dated April 7, 2005, at 21-22, annexed hereto. Ms. Baum, speaking on behalf of Legal Aid, stated: "We, representing the children, have not yet had a chance to submit a pleading on their behalf, nor have we had a chance to move on their behalf for relief, and so we would like the opportunity to do that. The interests of the children do diverge in fact and theory from the interests of the plaintiff aunt, and we would like an opportunity to brief their claims fully." Id.

Accordingly, Defendants have anticipated an amended pleading, which has not yet been filed. Furthermore, Ms. Baum has informed me that Legal Aid may soon file a motion for class certification on behalf of the infant plaintiffs. In these circumstances, Defendants respectfully request that our June 17, 2005, deadline within which to respond to (adult) Plaintiff's Motion for Class Certification be adjourned, and further request that the return dates for infant and adult plaintiffs' motions be consolidated in the interests of judicial economy, permitting Defendants four weeks from the date that the last class certification motion is filed.

Finally, by Stipulation and Order, Legal Aid has assumed the representation of the infant plaintiffs, yet adult Plaintiff's pending application for class certification asserts questions of law and fact on behalf of the infant plaintiffs, and also defines a subclass as "all minor children living in the homes of such relatives[.]" Defendants once again oppose Lansner & Kubitschek's efforts to proceed on behalf of the infant plaintiffs under the circumstances, and renew our objection to any such joint representation by that law firm, particularly in light of the appearance by The Legal Aid Society as their counsel in this action. Defendants respectfully request that Ms. Balbuena's counsel be directed to withdraw their pending motion, and to file an amended class certification motion limited to the proposed certification of class of adult foster parents, and not to the certification of a class of infant plaintiffs that would include the infant plaintiffs A.C. and H.C. whose diverging interests with respect to Ms. Balbuena required their separate representation by The Legal Aid Society.

Thank you for your attention to this matter.

Respectfully submitted,

Donna M. Kasbohm
Assistant Corporation Counsel

cc:   Fred Macgovern (counsel for Defendant Episcopal) (Via facsimile)
      Allegra Chapman (counsel for Plaintiff) (Via facsimile)
      Robert Kraft (counsel for Defendant State) (Via facsimile)
      Jennifer Baum (counsel for Infant Plaintiffs) (Via facsimile)