UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
A.C. and H.C., by their next friend Barbara Weiner,
individually and on behalf of all others similarly situated,

                       Plaintiffs,                     **07 CV 3308 (TPG) (THK)**

                     -against-

JOHN MATTINGLY, in his official capacity as Commis-
sioner of the New York City Administration for Children's
Services; and JOHN JOHNSON, in his official capacity as
Commissioner of the New York State Office of Children
and Family Services;

                     Defendants.
------------------------------------------------------------------------X

## STATE DEFENDANT'S MEMORANDUM OF LAW
## IN OPPOSITION TO MOTION FOR CLASS CERTIFICATION

                                                ANDREW M. CUOMO
                                                Attorney General of the State of New York
                                                <u>Attorney for State defendant</u>
                                                120 Broadway,  24th Floor
                                                New York, New York 10271
                                                (212) 416-8632

ROBERT L. KRAFT
Assistant Attorney General
<u>of</u> <u>Counsel</u>

**Table of Contents**

**PAGE**

PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

STATUTORY AND REGULATORY FRAMEWORK . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

       A.     NEW YORK LAW PROTECTS THE RIGHT OF CHILDREN TO LIVE WITH
              THEIR PARENTS AND THE RIGHT OF CHILDREN TO BE PROTECTED
              FROM HARM BY THEIR PARENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 34

       B.     FOSTER CARE IS A CONTRACTUAL RELATIONSHIP . . . . . . . . . . . . . . . . 5

       C.     STATE LAW, REGULATIONS AND POLICY REGARDING THE
              REMOVAL OF FOSTER CHILDREN FROM THE CARE OF FOSTER
              PARENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

POINT I      THE PROPOSED CLASS IS OVERBROAD AND DOES NOT LIMIT
              CLASS MEMBERSHIP TO THE ACTUAL INJURY SOUGHT TO BE
              REMEDIED BY CLASSWIDE RELIEF . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

POINT II     PLAINTIFFS DO NOT SATISFY THE PREREQUISITES TO A CLASS
              ACTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

       (1)    PLAINTIFFS HAVE NOT SHOWN THAT THE CLASS IS SO NU-
              MEROUS THAT JOINDER OF ALL  MEMBERS IS IMPRACTICABLE . . . 11

       (2)    PLAINTIFFS HAVE NOT SHOWN THERE ARE QUESTIONS OF LAW
              OR FACT COMMON TO THE CLASS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

       (3)    PLAINTIFFS HAVE NOT SHOWN THAT THE CLAIMS OR DEFENSES
              OF THE  REPRESENTATIVE PARTIES ARE TYPICAL OF THE CLAIMS
              OR DEFENSES OF THE CLASS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

       (4)    THE REPRESENTATIVE PARTIES HAVE NOT DEMONSTRATED HOW
              THEY WILL FAIRLY AND  ADEQUATELY PROTECT THE INTERESTS
              OF THE ENTIRE CLASS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

**Page**

POINT III     PLAINTIFFS' REQUEST FOR CERTIFICATION OF A Rule 23(b)(1)(A)
CLASS SHOULD BE DENIED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

POINT IV     PLAINTIFFS' REQUEST FOR CERTIFICATION OF A Rule 23(b)(2)
CLASS SHOULD BE DENIED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
A.C. and H.C., by their next friend Barbara Weiner,
individually and on behalf of all others similarly situated,

                                   Plaintiffs,                      **07 CV 3308 (TPG) (THK)**

                                  -against-

JOHN MATTINGLY, in his official capacity as Commis-
sioner of the New York City Administration for Children's
Services; and JOHN JOHNSON, in his official capacity as
Commissioner of the New York State Office of Children
and Family Services;

                                  Defendants.
-----------------------------------------------------------------------X

## STATE DEFENDANT'S MEMORANDUM OF LAW
## IN OPPOSITION TO MOTION FOR CLASS CERTIFICATION

### PRELIMINARY STATEMENT

This memorandum of law is respectfully submitted on behalf of defendant JOHN

JOHNSON ("State defendant"), as former Commissioner[1] of the New York State Office of

Children and Family Services ("OCFS"), in opposition to plaintiffs' motion for certification of a

class.[2]  As discussed further below, the Court should deny the motion for class certification

---

[1]  John Johnson's term in office as Commissioner of the new York State office of Children
and Family Services ended on December 31, 2006.  Gladys Carrión, Esq., is now Commissioner of
the New York State Office of Children and Family Services.

[2]  By Order dated April 25, 2007 (Docket #1), this Court severed plaintiffs' claims from those
raised in <u>Balbuena v. Mattingly</u>, 05 CV. 2986 ("<u>Balbuena</u>"), directed transfer of some pleadings and
documents from <u>Balbuena</u> to the instant action, and directed that the Court's Orders and Opinions
made in <u>Balbuena</u> also be made part of the record of the instant action.  References to docket
                                               (continued...)

1

because: (1) the proposed class improperly includes foster children with kinship foster parents where no protected liberty interest between the foster parent and child exists under the balancing test of <u>Rivera v. Marcus</u>, 696 F.2d 1016 (2d Cir. 1982); (2) the potential class members cannot be identified, as the <u>Rivera v. Marcus</u> balancing test for determining whether a protected liberty interest exists applies on a case-by case basis at the time of removal; and (3) plaintiffs, as infants who are incapable of comprehending and speaking about their removal, have not demonstrated that they are typical of and can represent in the same manner other children in the proposed class, including older foster children and teenagers.

### STATEMENT OF THE CASE

Plaintiffs A.C. and H.C.[3] filed a motion for class certification (Docket #2) along with their complaint on or about June 17, 2005.  The motion was held in abeyance (Docket #13) pending resolution of State defendant's motion to dismiss.  By Order dated March 17, 2006 (Docket #28), this Court granted plaintiffs' motion to interpose an Amended Complaint (Docket #21) and By Opinion dated March 20, 2007 (Docket #24) ("Opinion"), this Court granted in part and denied in part State defendant's motion to dismiss the amended complaint.  The Court dismissed plaintiffs' Fourth Amendment claim and plaintiffs' claim for damages and denied State defendant's motion to dismiss plaintiffs' due process claim.  <u>Id.</u> at 13-14.  The Opinion describes the remaining claims as follows:

---

[2](...continued)
numbers are to those of the instant action unless otherwise indicated.

  Initials are used to ensure the anonymity of the infant plaintiffs.  Docket #27.

2

The second claim for relief alleges that State Defendant condones, acquiesces in, permits and approves the City's failure to promulgate substantive standards governing removals of children from kinship foster parents on a non-emergency basis. Infant plaintiffs claim that this violates their substantive and procedural due process rights under the Fourteenth Amendment.

The third claim for relief alleges that State Defendant condones, acquiesces in, permits and approves the City's issuance of an Independent Review Protocol, and that the Protocol violates infant plaintiffs' procedural due process rights under the Fourteenth Amendment. Infant plaintiffs allege that the Protocol violates their procedural due process rights under the Fourteenth Amendment in that it: (a) fails to ensure that a timely pre-removal hearing is held in all non-emergency cases; (b) fails to ensure that a prompt post-removal hearing is held when an emergency would make a pre-removal hearing impracticable; (c)      fails to ensure that a child or his or her law guardian receives timely or adequate notice of the proposed or actual removal of the child from a kinship foster parent, or of an Independent Review requested by a kinship foster parent; (d)      fails to ensure that Independent Reviews comport with the basic elements of procedural due process, including the right to offer and challenge evidence, to compel the production of documents and testimony, and to confront adverse witnesses; and (e)  excludes  the child from the Independent Review process except at the discretion of the Review Officer.

The fourth claim for relief alleges that 18 N.Y.C.R.R. § 443.5 violates the due process clause of the Fourteenth Amendment.

The fifth claim for relief alleges that State Defendant condones, acquiesces in, permits and approves the City's policy, pattern and practice of failing to schedule timely Independent Review hearings and failing to issue timely Independent Review decisions. Infant plaintiffs claim that this policy, pattern and practice violates their procedural due process rights under the Fourteenth Amendment.

Opinion at 4-5.

Plaintiffs' motion requests that they be named class representatives of a class consisting of "all children in New York City who are now, were on or after July 1, 2004, or will in the future be, residing in foster care with relatives who are within the second or third degree of consanguinity of their parents or stepparents." Docket #2 at 1. This Court has heard four related cases: Haynes v. Mattingly, 06 Cv. 1383 (TPG) (THK) involving foster child Ameena B.;

Rivera v. Mattingly, 06 Cv. 7077 (TPG) (THK) involving foster children J.C., E.S. and B.C.;

Graham v. Mattingly, 05 Cv. 7413 (TPG) involving foster children Tyquill J., Taquan J. and

Tymeek j.; and Jones v. Mattingly, 04 Cv. 8331 (TPG) involving foster children Shamira S. and

Kasieam S.  All of these foster children will be class members if the instant motion for class

certification is granted, and this Court may take judicial notice of facts in evidence before it

concerning these additional children when determining the suitability of class certification.[4]  The

facts of the putative class members pertinent to their inclusion in the above-defined class are set

out in the accompanying Declaration of Robert L. Kraft, with supporting exhibits, for

consideration of the appropriateness of class certification.

## STATUTORY AND REGULATORY FRAMEWORK

**A.     NEW YORK LAW PROTECTS THE RIGHT OF CHILDREN TO LIVE WITH
        THEIR PARENTS AND THE RIGHT OF CHILDREN TO BE PROTECTED
        FROM HARM BY THEIR PARENTS**

New York law protects the fundamental right of birth parents to have custody of and raise

their children with minimal interference from the State.  See New York Social Services Law

("NY SSL") § 384 and New York Domestic Relations Law § 111, which provide procedures,

including notice, that must occur before a birth parent may give up custody of a child.  The one

major exception to this principle is the State's concomitant obligation to protect children from

abuse or maltreatment codified in NY SSL § 411 et seq.

---

[4] "When considering a motion for class certification, courts should consider the allegations in the complaint as true.   A court may not examine the merits of the case in a motion for class certification.  However, a court may consider material outside the pleadings in determining the appropriateness of class certification." Reynolds v. Giuliani, 118 F.Supp.2d 352, 387-88 (S.D.N.Y. 2000) (citations omitted).

To implement New York State's obligation to protect children, local social services districts are required to establish child protective services to investigate allegations of child abuse and maltreatment. NY SSL §§ 411, 423. In the City of New York, the Administration for Children's Services ("ACS") is the child protective services agency. Charter of the City of New York § 617.

If a child protective service determines that a child must be removed from his or her birth parent(s), the child protective service must follow procedures set out in New York Family Court Act ("NY FCA") article 10.

Law guardians are appointed to represent children in proceedings brought pursuant to article 10 of the Family Court Act. NY FCA § 1016. The law guardian is appointed as soon as the Family Court learns that a child has been removed from the custody of birth parents or that a petition for removal is pending, and the appointment continues so long as the Family Court has jurisdiction over the child. Id. The law guardian may commence a proceeding to review the placement of a child. NY FCA § 1055(b)(ii). The law guardian may also participate in a number of different Family Court proceedings where the foster care status of the child is reviewed. See, NY SSL §§ 358-a; 383-c; 392(4)(g)).

**B.      THE FOSTER CARE RELATIONSHIP IS A CONTRACTUAL RELATIONSHIP**

New York law provides that when a child is removed by a government actor from his or her birth parents, custody is placed in an authorized agency, which term includes Commissioners of local Departments of Social Services and other agencies approved by the OCFS to take

5

custody of children.  NY SSL § 371(10).  Authorized agencies board out children to be cared for in individual homes by foster parents.  NY SSL §§ 374(1), 371(19).

Authorized agencies, in accordance  with State regulations, accept applications from individuals who would like to serve as foster parents, conduct investigations of the backgrounds of such persons, determine which applicants are qualified to be foster parents, inspect potential foster homes to determine whether they comply with regulatory requirements designed to provide a safe residence for the foster child, and supervise the conduct of foster parents who have received a child from the authorized agency.  18 N.Y.C.R.R. Part 443.

In 1989, without making other changes regarding the rights and responsibilities of foster parents, the Legislature explicitly recognized the possibility that family members could be foster parents to a removed child.  See L. 1989, C. 744 § 1, adding NY FCA § 1017(a) to NY FCA Article 10.  See also, 18 N.Y.C.R.R. Part 443.7, OCFS regulations that provide an expedited process for approval of relative foster parents (who will not have applied to be foster parents and been investigated before commencement of the article 10 proceeding concerning their relative child).

New York law does not provide that a removed child has the right to select his or her foster parent.  Instead, if a relative of a removed child is willing to be the foster parent of a removed child, the Family Court determines what is in the best interest of the removed child.

If a relative becomes a foster parent, the Court grants custody of the child to an authorized agency, not to the relative.  NY SSL § 383(2).  The foster parent is paid a stipend to provide services to the related child.  18 N.Y.C.R.R.          § 427.6.  The custody of the removed

6

child remains with the authorized agency and any such authorized agency may in its discretion remove such child from the home where placed or boarded.  NY SSL § 383(2).

### C.    STATE LAW, REGULATIONS AND POLICY REGARDING THE REMOVAL OF FOSTER CHILDREN FROM THE CARE OF FOSTER PARENTS

New York law provides that "[w]hen any child shall have been placed ... in a family[5] home  by a social services official, the social services official may remove such child from such ... family home and make such disposition of such child as is provided by law."  NY SSL § 400(1).  Regulations of the OCFS provide that, when an authorized agency removes a child from a foster home, it must give the foster parent ten days notice except in emergency situations, and the notice must inform the foster parent of her right to a conference before the local agency, and an administrative hearing before the OCFS to challenge the decision to remove the child from foster care.  18 N.Y.C.R.R. § 443.5.  If the Decision After Hearing is adverse to the foster parent, the foster parent may seek judicial review in New York Supreme Court pursuant to article 78 of New York Civil Practice Law and Rules.  NY SSL § 22(9)(a).

New York law does not provide that a removed child who has been placed in foster care by the Family Court has a right to stay with a particular foster parent.  To the extent the law guardian may express the child's interests in Family Court proceedings, those interests may be taken into account by the Court or the authorized agency in making foster home decisions.

---

[5] The reference in NY SSL § 400 to "family home" was there long before biological relatives were permitted to be foster parents.  The phrase"family home" refers to a home with a family instead of in a more institutional setting, and not to a home with the removed child's biological family.

7

**ARGUMENT**

**POINT I**

**THE PROPOSED CLASS IS OVERBROAD AND DOES NOT LIMIT CLASS MEMBERSHIP TO THE ACTUAL INJURY SOUGHT TO BE REMEDIED BY CLASSWIDE RELIEF**

Article III of the United States Constitution limits the jurisdiction of the federal courts to actual cases and controversies.  O'Shea v. Littlejohn, 414 U.S. 488, 493 (1974).  As the Supreme Court has stated:

> [t]he actual-injury requirement [of Article III] would hardly serve the purpose ... of preventing courts from undertaking tasks assigned to the political branches ... if once a plaintiff demonstrated harm from one particular inadequacy in government administration, the court were authorized to remedy *all* inadequacies in that administration.  The remedy must of course be limited to the inadequacy that produced the injury in fact that the plaintiff has established.

Lewis v. Casey, 518 U.S. 343, 357 (1996)(emphasis in original).

The claims of A.C. and H.C., for which plaintiffs seek classwide relief, focus on the City's failure to promulgate substantive standards governing removals of children from kinship foster parents on a non-emergency basis, the City's issuance of an Independent Review Protocol that allegedly violates plaintiffs' procedural due process rights and the City's alleged policy, pattern and practice of failing to schedule timely Independent Review hearings and failing to issue timely Independent Review decisions.  A separate claim for relief alleges that State defendant's regulation codified at 18 N.Y.C.R.R. § 443.5 violates the due process clause of the Fourteenth Amendment.

Plaintiffs' motion requests that they be named class representatives of a class consisting of "all children in New York City who are now, were on or after July 1, 2004, or will in the

8

future be, residing in foster care with relatives who are within the second or third degree of consanguinity of their parents or stepparents." Docket #2 at 1. In effect, plaintiffs' proposed class consists of all New York City children in kinship foster care from July, 2004, forward.

However, the Court may not certify a class with this overbroad definition because many persons who are defined class members will not have the protected liberty interest which is sought to be protected by the proposed class. The proposed class is overbroad in improperly including kinship foster care arrangements that have no protected liberty interest under the balancing test of <u>Rivera v. Marcus</u>, 696 F.2d 1016 (2d Cir. 1982). In addition, there is no purpose in extending the proposed class back to July 1, 2004 against the State defendant, since declarations regarding past conduct of State defendant (<u>i.e.</u>, going back to July 1, 2004) are barred by the Eleventh Amendment. <u>Puerto Rico Aqueduct and Sewer Authority v. Metcalf & Eddy, Inc.</u>, 506 U.S. 139 (1993). As for any prospective relief, the sought-after relief against the State defendant, <u>e.g.</u>, modifications in hearing procedures for class members, cannot be applied on a classwide bases as the class members would have to be identified on a case-by case basis under the <u>Rivera v. Marcus</u> balancing test for determining whether a protected liberty interest exists, before the proper hearing procedures for that liberty interest could be determined.

The definition of a class must comport with the demonstrable claims of named plaintiffs. This ensures that Rule 23 is employed only where it will result in the presentation of a focused case, and also ensures that the rights of the class members are adequately protected since they will be bound by a judgment against the plaintiffs in the case. <u>See</u> <u>General Tel. Co. of the Southwest v. Falcon</u> ("<u>Falcon</u>"), 457 U.S. 147, at 161 (1982) (cautioning against "unfairness to class members bound by the judgment if the framing of the class is overbroad").

9

**POINT II**

**PLAINTIFFS DO NOT SATISFY THE PREREQUISITES TO A CLASS ACTION**

Plaintiffs seek an order "certifying that [this] action shall be maintained as a class action under Rules 23(b)(1)(A) and 23(b)(2) of the Federal Rules of Civil Procedure."  Docket #2. This prayer for relief overlooks the need to satisfy the prerequisites to a class action found in Rule 23(a) before deciding whether certification pursuant to either Rule 23(b)(1)(A) or Rule 23(b)(2) is appropriate.       Rule 23(a) provides that "[o]ne or more members of a class may sue or be sued as representative parties on behalf of all <u>only if</u> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, <u>and</u> (4) the representative parties will fairly and adequately protect the interests of the class" (emphasis added).

It is the responsibility of a district court, faced with a motion for class certification, to conduct "a rigorous inquiry" and to "evaluate carefully the legitimacy of the named plaintiff's plea that he is a proper class representative under Rule 23(a)." <u>Falcon</u>, 457 U.S. at 160-61. "[T]he district judge must receive  enough evidence, by affidavits, documents, or testimony, to be satisfied that  each Rule 23 requirement has been met." <u>In re Initial Public Offering Securities Litigation</u>, 471 F.3d 24, 41 (2d Cir. 2006), <u>Reh. Den.</u>, 483 F.3d 70 (2d Cir. 2007).

**(1)    PLAINTIFFS HAVE NOT SHOWN THAT THE CLASS IS SO NUMEROUS THAT JOINDER OF ALL  MEMBERS IS IMPRACTICABLE**

> [I]n considering whether the numerosity requirement is met, a judge might need to resolve a factual dispute as to how many members are in a proposed class.  Any dispute about the size of the proposed class must be resolved, and a finding of the size of the class, e.g., 50, 100, or more than 200, must be made.  At that point, the judge would apply the legal standard governing numerosity and make a ruling as to whether that standard, applied to the facts as found, establishes numerosity.

Id. at 40.  District courts must make factual findings as to the approximate size of the class based on the parties' evidentiary proffers.  Vengurlekar v. HSBC Bank, 03 Civ. 0243(LTS)(DFE), 2007 WL 1498326, at *4.

While it is often assumed in proposed class actions against governmental agencies that the Rule 23(a) numerosity prerequisite is met as a matter of course, recent case law has re-affirmed the requirement that a Rule 23 movant must make a factual showing of numerosity. Plaintiffs submit counsel's declaration attaching Mayor's Management Reports that describe numbers of kinship foster children .  However, these numbers cannot represent the size of an appropriate class as they include kinship foster children who either: (1)  are never removed from kinship foster parents, (2) have no protected Rivera v. Marcus liberty interest; or (3) who participate in challenged state administrative proceedings or Family Court proceedings or Federal Court actions to address any concerns they may have about their removals from kinship foster parents.

For the foregoing reasons, this Court should determine that plaintiffs have not satisfied the Rule 23(a) numerosity prerequisite to certification of this action as a class action.

11

**(2)    PLAINTIFFS HAVE NOT SHOWN THERE ARE QUESTIONS OF LAW OR
FACT COMMON TO THE CLASS**

Named plaintiffs A.C. and H.C. and other foster children known to the Court through
related cases do not present questions of law or fact common to the class.  On the contrary, the
nature of the liberty interest of each foster child, and the relief he or she might be entitled to,
must be defined individually.  In determining that A.C. and H.C. have a constitutionally-
protected liberty interest, this Court applied the three factors set forth in Rivera v. Marcus, 696
F.2d 1016 (2d Cir. 1982).  Opinion at 9-10.  While these factors may be applied to the
relationship between any individual foster child and kinship foster parent, they require individual
analysis that makes this case unsuitable to be a class action.  It would not be appropriate to select
a foster child with a demonstrably strong Rivera v. Marcus liberty interest to a kinship foster
parent and tailor classwide relief toward that interest when other members of the class will have
more limited liberty interests and be entitled to narrower relief.

It might be argued that the remaining claims of A.C. and H.C., as described by the Court
in the Opinion and set out at page 3 above, would seem to satisfy the requirement of common
issues of law and fact to be addressed by the proposed class action.  However, the facts about the
named plaintiffs and foster children known to the Court from related cases, described in the Kraft
Declaration and supporting exhibits, demonstrate that the children were affected differently by
the system of law that exists, resulting in different factual scenarios.  The allegation that
government conduct violates the Constitution in and of itself does not constitute a question of
law or fact common to the class where the evidence demonstrates that the putative class members
received some process based on the circumstances.  Kraft Decl. and Exhibits.

12

Regarding the City's alleged failure to promulgate substantive standards governing removals of children from kinship foster parents on a non-emergency basis, only Ameena B. was removed on a non-emergency bases, and that removal was hastened because Haynes was not willing to live with the foster child pending the independent review that she would have been offered had she accepted the ten day notice. All of the other foster children, except possibly Shamira S. and Kasieam S. where the reasons for the removal are sealed, were removed on an emergency basis. A.C. and H.C. were removed because investigators observed lit candles in the house, no food, a lack of space for A.C.'s therapy and uncleared adults in the home. J.C., E.S. and B.C. were removed because of an allegation of sexual conduct with one of the older sisters of E.S. and B.C. Tyquill J., Taquan J. and Tymeek j. were removed from the Graham foster home, along with Graham's own children, after one of the other children living in that home was observed with shoe prints on her face and alleged that they were inflicted by an adult in the Graham foster home. Even if there is disagreement about whether all of these reasons constitute grounds for emergency removal, New York law obligates foster care agencies to protect the foster children in their custody and gives them discretion to remove foster children when they deem it appropriate. the number and variety of reasons preclude classwide relief and all class members will not have an actual injury to complain of.

Regarding the City's alleged issuance of an Independent Review Protocol that violates plaintiffs' procedural due process rights, Shamira S. And Kasieam S. Are class members since they were foster children after July 1, 2004, yet there cases were never reviewed by either the City or the State defendants pursuant to the State administrative procedures being challenged. Kraft Decl. ¶ 45. Tyquill J., Taquan J. and Tymeek j. were returned to their kinship foster parent

13

after an independent review. Kraft Decl. ¶ 32. Their law guardian submitted a written statement at the independent review. Kraft Decl. ¶ 33. They are not similarly situated to other foster children who claim that their absence from the independent review without notice to the law guardian and separate representation violated their rights.

Regarding the administrative hearing component of the current state administrative procedure specified in challenged 18 N.Y.C.R.R. § 443.5, the decisions after hearing regarding Ameena B. and J.C., E.S. and B.C. required the City to determine the proper placement of each foster child using the best interest of the child standard applicable in Family Court proceedings and that this Court made applicable in the proceeding before Magistrate Judge Katz regarding Ameena B. The cases of foster children Tyquill J., Taquan J., Tymeek j., Shamira S. and Kasieam S. did not get to an administrative hearing, so these children do not have standing to challenge the constitutionality of hearing procedures. Yet, they are all within the proposed class definition.

For the foregoing reasons, this Court should determine that plaintiffs have not satisfied the Rule 23(a)(2) common question of law or fact prerequisite to certification of this action as a class action.

**(3)     PLAINTIFFS HAVE NOT SHOWN THAT THE CLAIMS OR DEFENSES OF THE  REPRESENTATIVE PARTIES ARE TYPICAL OF THE CLAIMS OR DEFENSES OF THE CLASS**

The rationale for employing Rule 23 involves a threshold determination by the trial court that the individual plaintiff or plaintiffs before the court possesses claims which are representative of the proposed class. In <u>Falcon</u>, the Supreme Court held that it was error to allow

14

an employee, with only a claim of wrongful denial of a promotion by his employer, to represent a

class of individuals of the same nationality who claimed discrimination in hiring.  The Court

reasoned that:

> We have repeatedly held that "a class representative must be part of the class and
> 'possess the same interest and suffer the same injury' as the class members." East
> Texas Motor Freight System, Inc. v. Rodriguez, 431 U.S. 395, 403 (quoting
> Schlesinger v. Reservists Committee to Stop the War, 418 U.S. 208, 216).  In East
> Texas Motor Freight .... [w]e held that the Court of Appeals had "plainly erred in
> declaring a class action."  431 U.S., at 403....  Because at the time the class was
> certified it was clear that the named plaintiffs were not qualified for line-driver
> positions, "they could have suffered no injury as a result of the allegedly
> discriminatory practices, and they were, therefore, simply not eligible to represent
> a class of persons who did allegedly suffer injury."  Id., at 403-404.

Falcon, 457 U.S. at 156.      The typicality requirement of Rule 23 must focus on the individual

plaintiffs.  The class definition cannot include claims not typical of those of the individual

plaintiffs.  In the instant case, the named plaintiffs, A.C. and H.C., are not typical class

representatives since they were not harmed by lack of access to the independent review and

administrative hearing sought and had by Balbuena.  When their removal was brought to his

attention in the normal course of his duty as law guardian, the law guardian supported the

removal of A.C. and H.C. from Balbuena's foster care, and acted in conformance with that view

in the appropriate forum, new York Family Court.  Kraft Decl. ¶ 8-9.  Tyquill J., Taquan J., and

Tymeek J. are not typical class representatives since, after their removal by child protective

workers, not foster care agency workers, their law guardian participated in the independent

review sought and had by Graham.  Kraft Decl. ¶ 33.  Ameena B. is not a typical class

representative since her removal from Haynes's foster home was a non-emergency removal that

would have been made after notice and independent review except that Haynes could not bear to

have the child with her pending the independent review.  Kraft Decl. ¶ 16.  Shamira S. and

Kasieam S. are not typical class members since they settled their case for damages without

making a claim that the State administrative remedies are inadequate.  Kraft Decl. Exhibit 14.

J.C., E.S. and B.C. are not typical class members since the relief they received after an

administrative hearing, an order directing the City to place them in a foster home based on a

determination of their best interest, is the same relief available in Family Court.

     For the foregoing reasons, this Court should determine that plaintiffs have not satisfied

the Rule 23(a)(3) typicality prerequisite to certification of this action as a class action.


**(4)     THE REPRESENTATIVE PARTIES HAVE NOT DEMONSTRATED HOW
THEY WILL FAIRLY AND  ADEQUATELY PROTECT THE INTERESTS OF
THE ENTIRE CLASS**

     It is not at all clear that the named plaintiffs can serve as adequate class representatives.

The law guardian who represented them in New York Family Court supported their removal

from the Balbuena foster home.  Kraft Decl. ¶ 8-9 and Exhibit 2.  To this extent, A.C. and H.C.

are deprived of standing since they raise no Article III controversy; they would not have opposed

removal had they attended Balbuena's administrative hearing so they were not harmed by their

absence therefrom.  Yet in their Complaint, written by other lawyers within the law guardian's

organization, A.C. and H.C. say that, on information and belief, there was no emergency

requiring their removal from the Balbuena foster home.  The Complaint alleges that they should

have been at Balbuena's administrative hearing.

     It is also noteworthy that neither the named plaintiffs nor the foster children in the

aforementioned related cases before this Court brought their own action through their law

16

guardians. Instead, the law guardian was brought into existing actions commenced by the kinship foster parents to prevent conflicts of interest. Such conflicts of interest do not exist at administrative hearings because the foster parents and/or their counsel represent the foster parents' interest and the agency that did the removal represents the interests of the foster children who are in its custody. In the two years since submission of the A.C. and H.C. instant motion, the law guardians, who would act as class counsel, have not brought any other children to the attention of defendants complaining about the state administrative procedures being challenged in the instant class action complaint. Presumably this is because, if the law guardian becomes aware of an improper foster care placement, he or she moves for redress in the proper forum, the new York Family Court.

For the foregoing reasons, this Court should determine that plaintiffs have not satisfied the Rule 23(a)(4) adequate representative prerequisite to certification of this action as a class action.

## POINT III

**PLAINTIFFS' REQUEST FOR CERTIFICATION OF A Rule 23(b)(1)(A) CLASS SHOULD BE DENIED**

Rule 23(b)(1)(A) provides that "[a]n action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and in addition the prosecution of separate actions by or against individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class" (emphasis added).

17

As noted above, this Court determined that A.C. and H.C. have a liberty interest based on the Court's analysis of three factors set out in <u>Rivera v. Marcus</u>. These factors have to do with the nature of the relationship between the foster children and the kinship foster parent, and whether a biological parent has any conflicting interests. This is the sort of analysis that would lead to inconsistent results based on the different case circumstances proffered in each kinship foster care relationship.

For the foregoing reasons, plaintiffs' request for certification of a Rule 23(b)(1)(A) class should be denied

## POINT IV

### PLAINTIFFS' REQUEST FOR CERTIFICATION OF A Rule 23(b)(2) CLASS SHOULD BE DENIED

Rule 23(b)(2) provides that "[a]n action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, <u>and in addition</u> the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole" (emphasis added).

Under New York law and implementing regulations, no foster child has the right to request either an independent review or an administrative hearing to challenge his or her removal from the home of a foster parent. If this state of affairs is considered an act or refusal to act on grounds generally applicable to the class, such a finding is insufficient for certification of a Rule 23(b)(2) class since it is not appropriate to grant final injunctive relief or corresponding

18

declaratory relief with respect to the class as a whole. Under this Court's prior analysis, whether

foster children have the right to request either an independent review or an administrative hearing

is based on their liberty interest, which, in turn, is individualized in nature.  Classwide injunctive

relief under these circumstances is not appropriate.

For the foregoing reasons, plaintiffs' request for certification of a Rule 23(b)(2) class

should be denied

### CONCLUSION

For the foregoing reasons, since plaintiffs have not met the prerequisites of Rule 23, State

defendant respectfully requests the Court to deny plaintiffs' motion to certify a class.

Dated: New York, New York
      June 29, 2007

                        Respectfully submitted,

                        ANDREW M. CUOMO
                        Attorney General of the State of New York
                        <u>Attorney for State defendant</u>

                        By:       S/
                        ROBERT L. KRAFT (RK5418)
                        Assistant Attorney General
                        120 Broadway,  24th Floor
                        New York, New York 10271
                        (212) 416-8632

19