UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x

NORMA BALBUENA, individually and on
behalf of all others similarly situated,

                Plaintiff,

    - against -

JOHN MATTINGLY, individually and as
Commissioner; H. AURELIA JEMMOT,
individually and as Reviewer; RAFAEL
ORTIZ JR., individually and as Borough
Director; VERONICA CHEVRESTT,
individually and as caseworker; CARMEN
DEL VALLE, , individually and as
supervisor; EPISCOPAL SOCIAL
SERVICES; ROBERT GUTHEIL,
individually and as Director; CARMEN
SANTANA, individually and as
supervisor; LOURDES FALCON,
individually and as caseworker;
ZORAIDA NEGRON, individually and as
Social Worker; CITY OF NEW YORK; and
JOHN JOHNSON, as Commissioner,

                Defendants.

------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/21/08

05 Civ. 2986 (TPG)

**OPINION**

```
------------------------------------------x
                                          :
A.C., and H.C., by their Next Friend      :
BARBARA WEINER individually and on        :
behalf of all others similarly situated,  :       07 Civ. 3308 (TPG)
                                          :
              Plaintiffs,                 :
                                          :
      - against -                         :
                                          :
                                          :
JOHN MATTINGLY, in his official           :
capacity as Commissioner of the New       :
York City Administration for Children's   :
Services; and JOHN JOHNSON, in his        :
official capacity as Commissioner of the  :
New York State Office of Children and     :
Family Services,                          :
                                          :
              Defendants.                 :
------------------------------------------x
```

Plaintiffs in the consolidated cases captioned above have moved for class certification under Fed. R. Civ. P. 23(c). As background, the claims of lead plaintiff Norma Balbuena in Balbuena v. Mattingly, 05 Civ. 2986, and infant plaintiffs A.C. and H.C. in A.C. v. Mattingly, 07 Civ. 3308, stem from the same set of facts. The claims arise out of an emergency removal of infant plaintiffs A.C. and H.C. from the home of their paternal aunt and foster parent Balbuena. Both Balbuena and infant plaintiffs allege that the removal procedures violated their constitutional due process and Fourth Amendment rights.

In an opinion in Balbuena dated September 28, 2007, the court held that Balbuena possessed a liberty interest in her kinship foster

family. Balbuena v. Mattingly, 2007 U.S. Dist. LEXIS 72517 (S.D.N.Y. 2007). However, the court granted the state and agency defendants' motions for judgment on the pleadings after determining that due process was adequately provided for under state law and had been afforded to Balbuena in connection with the removal. As the city defendants did not move for judgment on the pleadings, the Balbuena action is still pending against them.

The court must now determine whether it is appropriate to grant plaintiffs' motions for class certification in either case.

The first motion, brought by plaintiffs in Balbuena v. Mattingly, is to designate a class of "all relatives within the third degree of consanguinity to a child, where the child is living in the home of said relative, said relative is licensed, certified, or approved as the foster parent of a child, where the child is in the foster care of the Administration for Children's Services of the City of New York." Plaintiffs argue that the common questions of law and fact pertain to whether the policies surrounding removal of children from kinship foster homes violate the constitutional rights of the kinship foster parents.

The second motion, brought on behalf of infant plaintiffs A.C. and H.C. in A.C. v. Mattingly, is to certify a class of "all children in New York City who are now, were on or after July 1, 2004, or will in the future be, residing in foster care with relatives who are within the second or third degree of consanguinity of their parents or stepparents." Plaintiffs claim

that the proposed class members are all children placed in foster care with kinship foster parents whose due process and Fourth Amendment rights are threatened by OCFS regulation and ACS policy.

Plaintiffs in both cases argue that the requirements of Rule 23(a) are satisfied. Under Rule 23(a), class certification is appropriate where (1) the class is so numerous that joinder of all members is impracticable; (2) questions of law or fact are common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly or adequately protect the interests of the class. Fed. R. Civ. P. 23(a).

The court has before it several cases, currently designated as "related" to those captioned above, that involve removal of children from kinship foster homes. From these cases, and from Balbuena and A.C. in particular, it has become clear that the particular facts of each case are highly relevant to determining whether any constitutional rights were violated. These facts include: 1) the relationship between the child and kinship foster parent and whether a liberty interest exists, 2) the circumstances in the home prior to the removal and the explanations given for the removal, and 3) the procedures used and determinations made after the removal. Indeed, the court's holding in the September 28 opinion that Balbuena's constitutional rights were not violated was based in large part on several facts pertaining to the particular circumstances of that case.

For this reason, the court does not find that the typicality requirement can be satisfied for either of these classes, as no plaintiff's claims could be deemed "typical" of the class. Justice will be better served if each action is brought individually.

The motions to certify a class are denied.

SO ORDERED.

Dated:   New York, New York
         March 21, 2008

                                          THOMAS P. GRIESA
                                          U.S.D.J.